ERIK COOPER,⁣ )
  )
       Plaintiff,⁣ )
  )
v.⁣ )     No.   3:24-CV-189-KAC-DCP
  )
SEVIER COUNTY, TENNESSEE;⁣ )
MICHAEL R. HODGES, JR.; RHETT⁣ )
RUTLEDGE; and JOHN DOES;⁣ )
  )
       Defendants.⁣ )

## MEMORANDUM AND ORDER

Plaintiff Erik Cooper, proceeding pro se, filed this action under 42 U.S.C. § 1983 asserting claims arising from Defendants' alleged "failure to provide [him] medical treatment and reasonable accommodations" while he was incarcerated in the Sevier County Jail [Doc. 1 at 2]. This is one of four (4) civil cases Plaintiff filed pro se around the same time. The other cases, unlike this one, arise out of or directly relate to ongoing criminal proceedings against Plaintiff.[1] The Court stayed those other civil cases to ensure that Plaintiff's constitutional rights in the ongoing criminal proceedings were protected [*See* 3:24-CV-134 (E.D. Tenn) [Doc. 102]; 3:24-CV-188 (E.D. Tenn.) [Doc. 86]; 3:24-CV-315 (E.D. Tenn.) [Doc. 57]].

Defendants previously filed a motion for protective order noting that the parties in this case disagreed as to whether Plaintiff should be able to depose several individuals (specifically Sevier County Grand Jury Foreperson James Medlin, Deputy Sheriff Brad Wilds, General Ronald Crockett Newcomb, General James Bruce Dunn, and Sevier County Circuit Court Clerk Michele Maples) all of whom Defendants assert "have no discernable information in this lawsuit" but have

---

[1] [*See* E.D. Tenn. Case Nos. 3:24-CV-134, 3:24-CV-188, 3:24-CV-315.]

been sued and/or may have information related to Plaintiff's other stayed cases, which Defendants state is the reason Plaintiff seeks to depose them [Doc. 29 at 4-6; Doc. 40 at 4]. The Court granted a protective order that (1) prevents Plaintiff from deposing Mr. Medlin, Mr. Wilds, General Newcomb, General Dunn, and Ms. Maples in this action; and (2) prevents Plaintiff from asking any questions "that would only be proper subjects in the actions that are currently stayed" in the depositions to which the parties agreed in this action [Doc. 40 at 6-7].

Plaintiff filed a motion for reconsideration of the Court's decision [Doc. 44]. Defendants filed a response in opposition to the motion [Doc. 45], and Plaintiff filed a reply [Doc. 46]. Defendants also filed a motion to quash Plaintiff's subpoenas for testimony from these individuals [Doc. 34], and Plaintiff filed two responses [Docs. 37, 38]. Plaintiff then filed a motion to stay these proceedings pending resolution of his ongoing criminal proceedings [Doc. 48].

## I.      MOTION FOR RECONSIDERATION [Doc. 44]

Federal Rule of Civil Procedure 54(b) recognizes the Court's authority "to reconsider interlocutory orders and to reopen any part of a case before entry of a final judgment." *See Adkisson v. Jacobs Eng'g Grp., Inc.*, 36 F.4th 686, 694 (6th Cir. 2022) (citation omitted). "Courts will find justification for reconsidering interlocutory orders" if "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). But a Rule 54(b) motion "may not be used to relitigate old matters." *Bailey v. Real Time Staffing Servs., Inc.*, 927 F. Supp. 2d 490, 501 (W.D. Tenn. 2012) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Here, the Motion does not assert that any change of law or new evidence affects the Court's prior ruling. Nor does the Motion contain facts showing that the Court should alter the protective order to correct an error or prevent injustice. Instead, Plaintiff asserts in this motion that (1) Defendants improperly failed to seek a discovery conference with a magistrate judge before filing the motion for protective order and (2) the Court should have considered Plaintiff's untimely response. Plaintiff also reiterates his previous arguments and implies that the witnesses at issue might have information relevant to this lawsuit [*See generally* Doc. 44].

The Court addresses each argument in turn. As to Plaintiff's argument regarding Defendants' failure to seek a discovery conference, magistrate judges in this District generally do not hold discovery conferences in pro se cases. And Plaintiff has not identified why or how a discovery conference would have changed the result of the Court's order. As to Plaintiff's untimely response, the Court's rules and deadlines for responding to motions are "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *See Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). So, Plaintiff's pro se status does not require the Court to consider his untimely response. And on the merits, Plaintiff has identified no basis to reconsider the Court's prior ruling, and implication is not enough to establish relevance. Accordingly, the Court **DENIES** the motion for reconsideration [Doc. 44].

## II. MOTION TO QUASH [Doc. 34]

As relevant here, the Motion to Quash asks the Court to quash Plaintiff's subpoenas requiring Mr. Medlin, Mr. Wilds, General Newcomb, General Dunn, and Sevier County Circuit Court Clerk Michele Maples to appear for depositions [*See* Doc. 34]. Defendants assert that these individuals "do not have discoverable information relating to the current case" and argue that

3

Plaintiff "improperly seeks to conduct discovery in this case that relates to his other pending but stayed" cases [*See* Doc. 34 at 1-2].

In his responses, as relevant here, Plaintiff states that the individuals at issue may have information about "their active participation in causing Plaintiff to become incarcerated" and again asserts that Defendants did not seek a discovery conference before filing [*See* Docs. 37, 43].[2]

Under Rule 26(c)(1), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).  The party requesting the protective order has the burden of establishing good cause. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).  "A movant can satisfy Rule 26(c)'s 'good cause' requirement by showing that the proposed discovery is irrelevant" to the case at hand.  *Robinson ex rel. T.R. v. Eli Lilly & Co.*, No. 5:17-388-KKC, 2019 WL 4803224, at *1 (E.D. Ky. Oct. 1, 2019) (citing *Anwar v. Dow Chem. Co.* 876 F.3d 841, 854 (6th Cir. 2017)).  Ultimately, the Court exercises its sound discretion. *See Pictsweet Co. v. R.D. Offutt Co.*, No. 3:19-CV-0722, 2020 WL 12968432, at *4 (M.D. Tenn. Apr. 23, 2020) (citing *Coleman v. American Red Cross*, 979 F.2d 1135, 1138 (6th Cir. 1992)).

As discussed above, this case only arises out of incidents that occurred during Plaintiff's confinement in the Sevier County Jail [*See* Doc. 1, 40].  Thus, information about how Plaintiff came to "become incarcerated" is not "relevant to any party's claim or defense" in this case.  *See* Fed. R. Civ. P. 26(b)(1).  The individuals at issue might have information relevant to Plaintiff's other cases, but he cannot use this case to seek discovery that is only relevant to those other cases. *See id.*  Accordingly, the Court **GRANTS** Defendants' motion to quash [Doc. 34].

---

[2] Plaintiff also incorporates his response in opposition to the motion for protective order [Doc. 37 at 6].

4

### III. MOTION TO STAY [Doc. 48]

In the motion to stay, Plaintiff asks the Court to stay this action because (1) a ruling in this action would purportedly affect his pending criminal proceedings and (2) this action is purportedly "intertwined" with his criminal proceedings [*See* Doc. 48]. Defendants did not respond to this motion, and the time to do so has passed. *See* E.D. Tenn. L.R. 7.1(a).

It is not appropriate to stay this action. Plaintiff's ongoing criminal proceedings are distinct from his Section 1983 claims here. His Section 1983 claims in this action relate only to the alleged "failure to provide [him] medical treatment and reasonable accommodations" while he was incarcerated in the Sevier County Jail [Doc. 1 at 2]. Plaintiff does not explain how any ruling in this federal civil action would affect his pending state criminal proceedings. And the Court has identified no basis for this belief. As to the alleged "intertwined" nature of the proceedings, Plaintiff states that individuals who are not parties to this action, namely Generals Dunn and Newcomb, will offer testimony for his defense at his criminal trial [*See* Doc. 48 at 5]. And he argues that deposition testimony from Defendants Hodges and Rutledge "will include sworn testimony tying Defendants to Mr. Dunn and Mr. Newcomb" [*Id.*]. These ambiguous and conclusory statements are not sufficient to show that a decision on the merits of Plaintiff's Section 1983 claims here would substantively affect his criminal proceedings. And the abstention and stay precedents he cites simply don't match the facts of this case. Accordingly, the Court **DENIES** the motion to stay [Doc. 48].

### IV. CONCLUSION

For the reasons above, the Court (1) **DENIED** Plaintiff's motion for reconsideration [Doc. 44]; (2) **GRANTED** Defendants' motion to quash [Doc. 34]; and (3) **DENIED** Plaintiff's motion to stay [Doc. 48]. **Absent a material change in facts or circumstances, the Court will**

**not entertain future motions or other filings seeking the deposition of Sevier County Grand Jury Foreperson James Medlin, Deputy Sheriff Brad Wilds, General Ronald Crockett Newcomb, General James Bruce Dunn, or Sevier County Circuit Court Clerk Michele Maples in this action.** Plaintiff **MUST** promptly inform the Court and Defendants of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

      **SO ORDERED.**

      **ENTER:**               s/ Katherine A. Crytzer
                                        KATHERINE A. CRYTZER
                                        United States District Judge